# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PIA MARIE T. CORDERO ALOUA,

    Plaintiff,

v.

AURORA LOAN SERVICES, LLC;
LEHMAN BROTHERS BANK, FSB;
QUALITY LOAN SERVICE
CORPORATION; Does I-X, inclusive,

    Defendants.

Case No. 2:09-CV-00207-KJD-RJJ

**ORDER**

Currently before the Court is Defendants Aurora Loan Services, LLC, and Lehman Brothers Bank, FSB's Motion to Dismiss (#15).[1] Plaintiff Pia Marie T. Cordero Aloua filed a Response and Opposition (#18) to Defendants' Motion on October 5, 2009, to which Defendants filed a Reply (#19) on October 20, 2009.

**I. Background**

Plaintiff financed the real property located at 116 Peachy Court in Las Vegas, Nevada ("subject property") on or about the 5th day of July, 2007. At that time, Plaintiff executed an adjustable rate loan ("first loan") in the principal amount of $768,987.00 and a fixed-rate balloon loan ("second loan") in the principal amount of $144,185.00. Lehman Brothers, which changed its name to Aurora Bank on April 24, 2009, was the original lender, and Aurora Loan Services ("ALS") was appointed as the loan servicer on August 16, 2007. Plaintiff's first loan, which was placed in the sub-prime category, was financed based upon a yearly adjustable interest rate of 9.375% and was to be paid to Lehman Brothers by monthly payments beginning in September 2007. Plaintiff avers that

---

[1] Defendant Quality Loan Service Corporation filed a Joinder (#22) to Defendant's Motion to Dismiss that is considered together with Defendant's Motion herein.

the sub-prime designation of her loan, which led to higher fees and interest, was in error because Plaintiff had verifiable income and a credit score sufficient to qualify for the traditional prime rate.

Defendants aver that Plaintiff defaulted on her loans in December 2007, leading to foreclosure proceedings which were ultimately completed on July 14, 2008 through Quality Loan Service Corporation ("QLS"), the appointed substitute trustee. ALS claims to have acquired title to the subject property through said foreclosure proceedings. Plaintiff avers, however, that she did not default on her loans and that the foreclosure sale was carried out without serving the required notices and without giving Plaintiff the appropriate opportunity to avert the sale.

On January 7, 2009, Plaintiff commenced this action in the District Court for Clark County, Nevada. The action was removed to this Court on February 2, 2009 on the basis of federal question and diversity jurisdiction. (See #1.) On September 2, 2009, Plaintiff filed an Amended Complaint against all Defendants, alleging the following causes of action: (1) intentional misrepresentation; (2) negligence per se under the federal Real Estate Settlement Procedures Act ("RESPA") and the federal Truth in Lending Act ("TILA"); (3) negligence; (4) rescission under TILA; (5) wrongful foreclosure; and (6) quiet title. On September 21, 2009, Defendants filed a Motion to Dismiss the First Amended Complaint (#15). For the reasons discussed below, the Court grants the Motion to Dismiss in part and denies it in part.

**II. Discussion**

**A. Motion to Dismiss**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the

2

speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Analysis**

**A. Intentional Misrepresentation**

Plaintiff alleges Defendants knowingly made false misrepresentations to Plaintiff, upon which Plaintiff justifiably relied to her detriment. To state a claim for fraudulent misrepresentation in Nevada, a plaintiff must allege that (1) defendant made a false representation; (2) defendant knew or believed the representation to be false; (3) defendant intended to induce plaintiff to rely on the misrepresentation; and (4) plaintiff suffered damages as a result of his reliance. Bartmettler v. Reno Air, Inc., 956 P.2d 1382, 1386 (Nev. 1998).

Misrepresentation is a form of fraud where a false representation is relied on in fact. See Pacific Maxon, Inc. v. Wilson, 96 Nev. 867, 871 (Nev. 1980). Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting

3

fraud." FED. R. CIV. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties of the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Morris v. Bank of Nev., 886 P.2d 454, 456 n.1 (Nev. 1994). The Ninth Circuit has held, however, that the stricter pleading requirements of Rule 9(b) "may be relaxed with respect to matters within the opposing party's knowledge," reasoning that "[i]n such situations, plaintiffs can not (sic) be expected to have personal knowledge of the relevant facts." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) (citing Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Even under this relaxed version of Rule 9(b), however, "a plaintiff who makes allegations on information and belief must state the factual basis for the belief." Id.

Here, Plaintiff alleges that Defendants knowingly concealed the true nature of her credit score and defrauded her by placing her loan in the sub-prime category to charge higher commissions. Plaintiff also alleges, among other things, that Defendants misrepresented the fees charged and paid in association with her loan, as well as her eligibility to participate in a loan modification program. Taking these assertions as true, the Court finds Plaintiff has sufficiently stated a claim for fraud: Plaintiff alleges that Defendants intentionally misrepresented information to her, that she relied on these representations, and that she was damaged as a result.

**B. Negligence per se**

To state a claim for negligence per se, a plaintiff must allege that (1) he or she belongs to a class of persons that a statute was intended to protect; (2) defendant violated the relevant statute; (3) plaintiff's injuries are the type against which the statute was intended to protect; (4) the violation was the legal cause of plaintiff's injury; and (5) plaintiff suffered damages. See Anderson v. Baltrusaitus, 944 P.2d 797, 799 (Nev. 1997). Whether a particular statute establishes a standard of care in a negligence action is a question of law. Vega v. E. Courtyard Assocs., 24 P.3d 219, 221 (Nev. 2001).

Plaintiff claims Defendants violated provisions of TILA, 15 U.S.C. § 1601, et seq., and RESPA, 12 U.S.C. § 2601, et seq., dealing with a lender's disclosure duties. Defendants argue that the TILA claim is time barred because the statute of limitations has run. Section 1640(e) of TILA requires that claims be brought within one year of the date of the loan transaction. Interpreting this provision, the Ninth Circuit has held that while as a general rule the limitations period runs from the date the transaction is consummated, the doctrine of equitable tolling may, when appropriate, toll the limitations period until the borrower has had a reasonable opportunity to discover the facts giving rise to a TILA claim. King v. California, 784 F.2d 910, 915 (9th Cir. 1986). The Ninth Circuit has also held that the equitable tolling analysis is a factual one: the finder of fact must determine whether equitable tolling will prevent unjust results or maintain the integrity of the relevant statute. Id. Because these factual questions are yet to be resolved, the Court is unable to say at this stage in the litigation whether the statute of limitations has run. Therefore, Defendants' Motion to Dismiss Plaintiff's TILA claim on statute of limitations grounds is denied.

Moreover, after reviewing the Complaint, the Court finds Plaintiff has adequately stated a TILA claim against Defendants. Plaintiff alleges Defendants (1) failed to disclose the identity of persons and entities who share the service fees and other charges for her loans; (2) failed to disclose the percentage of the loan amount paid to the nominal lender; and (3) failed to disclose relevant credit terms to enable Plaintiff to compare market rates and prevent unfair credit practices. (Dkt. #14, Compl. ¶ 26–28.)  Taking these assertions as true, Plaintiff has stated a viable claim for relief under TILA.

Plaintiff has failed, however, to sufficiently state a claim for negligence per se under RESPA. 12 U.S.C. § 2601, et seq. As a general rule, RESPA does not create an express or implied private right of action. Collins v. FMHA-USDA, 105 F.3d 1366, 1367–68 (11th Cir. 1997); Bamba v. Resource Bank, 568 F. Supp. 2d 32, 34–35 (D.D.C. 2008); Morrison v. Brookstone, 415 F. Supp. 2d 801, 806 (S.D. Ohio 2005); McWhorter v. Ford Consumer Fin. Co., 33 F. Supp. 2d 1059, 1064 (N.D. Ga. 1997). A limited exception to this rule exists: a private right of action exists under RESPA when

a specific statutory provision mentions such a right.  See Bloom v. Martin, 865 F. Supp. 1377, 1384–85 (N.D. Cal. 1994).  Although Plaintiff alleges Defendants violated several provisions of RESPA, the only section she references with any specificity is § 2605.  Accordingly, because this section of the statute does not provide a private right of action, Plaintiff's claim for negligence per se under RESPA fails.

**C. Rescission**

Plaintiff also alleges she is entitled to a rescission of the mortgage contract under TILA, 15 U.S.C. § 1635.  Plaintiff is incorrect.  Section 1635 of TILA establishes that lenders must notify borrowers of their right to rescind and outlines the penalties for failure to comply with this requirement.  Nonetheless, § 1635 expressly states that these provisions do not apply to "residential mortgage transactions."  A residential mortgage transaction is defined in 15 U.S.C. § 1602(w) as a "transaction in which a mortgage . . . interest is created or retained against the consumer's principal dwelling."  See also 12 C.F.R. § 226.2(a)(24).  This is precisely what Plaintiff's mortgage contract entailed: the parties entered into a transaction in which Plaintiff attained financing from Defendants to acquire residential property.  Because Plaintiff is not entitled to rescind the mortgage contract, her rescission claim under § 1635 fails as a matter of law and Defendant's Motion to Dismiss is granted as to Plaintiff's rescission claims.

**D. Wrongful Foreclosure**

Plaintiff also alleges wrongful foreclosure.  "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale."  Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).  "The material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised."  Id.

1    Here, Plaintiff affirmatively alleges that she was not in default of payment to the lender at the
2 time the foreclosure occurred, and therefore, the representations as stated on the Notice of Default
3 were false.[2]  Taking these assertions as true, the Court finds that Plaintiff has adequately stated a
4 claim for wrongful foreclosure against Defendants.  Therefore, Defendants' Motion to Dismiss is
5 denied as to Plaintiff's wrongful foreclosure claim.

**E. Negligence against QLS**

To bring a negligence claim in Nevada, a plaintiff must show that (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) defendant's breach was the actual and proximate cause of plaintiff's injuries; and (4) plaintiff was injured.  Scialabba v. Brandise Constr., 921 P.2d 928, 930 (Nev. 1996).  Liability based on negligence does not exist without a breach of duty.  Bradshaw v. Blystone Equip. Co. of Nev., 386 P.2d 396, 397 (Nev. 1963).

Plaintiff claims that Defendant QLS, "as trustee under the deed of trust, had a duty to Plaintiff to ensure that any party instructing it to conduct a foreclosure sale of the property actually owned and had rights under the note and deed of trust." (See #14, Compl. ¶ 32.)  Plaintiff also alleges that Defendant QLS's failure to take the appropriate steps to comply with this duty was the actual and proximate cause of damages to Plaintiff.  Id. at ¶ 33–39.)  At this point, because Plaintiff's claim for wrongful foreclosure remains, the Court also finds that Plaintiff has sufficiently pled a claim for negligence.

---

[2] If matters outside of the pleadings are submitted in conjunction with a motion to dismiss, Rule 12(b) grants courts discretion to either accept and consider, or to disregard such materials.  See Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 193 n.3 (5th Cir.1988).  A court exercises this discretion by examining whether the submitted material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, may facilitate disposing of the action.  Id. at 193 n.3.  If the court elects to convert the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Here, Defendants have attempted to provide evidence refuting Plaintiff's no default claim, Plaintiff however, has not had an adequate opportunity to fully brief this issue.  Accordingly, without opining whether Plaintiff's claims may survive a summary judgment motion, the Court elects not to convert Defendants' immediate Motion into one for summary judgment.

**F. Quiet Title**

Finally, Plaintiff brings a claim of quiet title, arguing that because foreclosure was wrongful, Plaintiff remains the rightful owner of the subject property. Taking these assertions as true, Plaintiff has stated a claim for wrongful foreclosure against Defendants. Therefore, Defendants' Motion to Dismiss is denied as to Plaintiff's quiet title claim.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#15) is **GRANTED** in part and **DENIED** in part as follows:

Defendants' Motion to Dismiss Plaintiff's claim for intentional misrepresentation is **DENIED**.

Defendants' Motion to Dismiss Plaintiff's claim for negligence per se under TILA is **DENIED**.

Defendants' Motion to Dismiss Plaintiff's claim for negligence per se under RESPA is **GRANTED**.

Defendants' Motion to Dismiss Plaintiff's claim for negligence against QLS is **DENIED**.

Defendants' Motion to Dismiss Plaintiff's claim for rescission under TILA is **GRANTED**.

Defendants' Motion to Dismiss Plaintiff's claim for wrongful foreclosure is **DENIED**.

Defendants' Motion to Dismiss Plaintiff's claim for quiet title in **DENIED.**

DATED this 23rd day of June 2010.

_____
Kent J. Dawson
United States District Judge